IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ELVIA ANGELICA LICEA, | |
| Plaintiff, | 8:25CV290 |
| v. | |
| ANGELICA ALFONSO-ROYALS, Acting Director of United States Citizenship and Immigration Services, | MEMORANDUM AND ORDER |
| Defendant. | |

Plaintiff Elvia Angelica Licea ("Licea") is a Mexican national who has resided in the United States for over two decades. On April 30, 2013, Licea became a victim of a child-exploitation incident in Rio Grande City, Texas. On December 6, 2022, she filed an I-918 Petition for U Nonimmigrant Status and a Form I-765 Application for Employment Authorization ("Form I-765") with United States Citizenship and Immigration Services ("USCIS"). *See Caballero-Martinez v. Barr*, 920 F.3d 543, 545 (8th Cir. 2019) (explaining a U visa "is a type of non-immigrant visa available to crime victims who assist law enforcement"); 8 U.S.C. §§ 1101(a)(15)(U)(i), 1184(p). She also submitted an I-918A Petition for Qualifying Family Member on behalf of her relative, David Guajardo ("Guajardo"), who then filed his own Form I-765.

She eventually filed this *pro se* complaint (Filing No. 1) on April 17, 2025, claiming the USCIS has yet to fully adjudicate those requests.[1] Although the USCIS has issued a bona fide determination and work authorization to Licea, she complains it has failed to act on Guajardo's applications. *See* 8 U.S.C. § 1184(p)(6) (stating the Secretary

---

[1]Licea names Ur Jaddou ("Jaddou") as the defendant to her lawsuit. The current Acting Director of the USCIS is Angelica Alfonso-Royals ("Alfonso-Royals"). Pursuant to Federal Rule of Civil Procedure 25(d), the Court has substituted Alfonso-Royals for Jaddou as the named defendant in this matter.

of Homeland Security "may grant work authorization to any alien who has a pending, bona fide application for nonimmigrant status under section 1101(a)(15)(U) of this title"). Licea asserts that delay violates the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 *et seq.*, and asks the Court to order the USCIS to "to make *bona fide* determinations and decisions on the pending work authorization applications within 14 days." *See Telecomms. Rsch. and Action Ctr. v. FCC*, 750 F.2d 70, 79-80 (D.C. Cir. 1984) (explaining when unreasonable delay of agency action warrants mandamus relief).

Now before the Court is the USCIS Director's (the "Director") Motion to Dismiss (Filing No. 5) Licea's complaint for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). For the reasons explained in *Patel v. Director, USCIS*, 8:25CV59, Filing No. 18 (D. Neb. June 11, 2025), the Court agrees with the Director that 8 U.S.C. § 1252(a)(2)(B)(ii) bars judicial review of Licea's claim.[2] Because the Court lacks jurisdiction over this matter,

IT IS ORDERED:
1. The Director of United States Citizenship and Immigration Services's Motion to Strike (Filing No. 8) is denied.
2. The Director's Motion to Dismiss (Filing No. 5) pursuant to Federal Rule of Civil Procedure 12(b)(1) is granted.
3. Plaintiff Elvia Angelica Licea's complaint (Filing No. 1) is dismissed without prejudice.
4. A separate judgment will issue.

---

[2] Licea filed a timely opposition (Filing No. 7) to the Director's motion to dismiss on May 27, 2025. The Director moved to strike (Filing No. 8) that response due to Licea's failure to follow the local rules. *See* NECivR 7.1(d)(4), (5). However, the Court considered a nearly identical response brief in ruling on the same jurisdictional issue in *Patel* (Filing No. 8 in Case No. 8:25CV59). Because those arguments have already been accounted for, the Director's motion to strike will be denied.

Dated this 11th day of June 2025.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge